UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF INDIANA
LAFAYETTE DIVSION

| | |
|---|---|
| TAMEKA DESHELL MAXSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| | CASE NO: 4:16-cv-00060 |
| v. | |
| ARCADIA RECOVERY BUREAU, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes, TAMEKA DESHELL MAXSON ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of ARCADIA RECOVERY BUREAU, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a natural person residing at 1871 Summertime Trail, Apartment 6, Lafayette, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of health issues including bipolar disorder, post-traumatic stress disorder, depression, and anxiety. Due to her various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

7. Defendant states that it "provides patient and customer-sensitive account resolution services for aged receivables."[1] From its headquarters at 645 Penn Street, 4th Floor, Reading, Pennsylvania, Defendant is in the business of collecting consumer debts for others, including a medical debt allegedly owed by the Plaintiff.

8. Defendant is a Pennsylvania corporation that is registered with the Indiana Secretary of State bearing business identification number 2014013000395.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2014. [2]

---

[1] http://www.arcadiarecovery.com/third-party-debt/
[2] http://www.acainternational.org/memberdirectory.aspx

**FACTS SUPPORTING CAUSES OF ACTION**

11.   On June 25, 2016, Plaintiff required the assistance of ambulance service from Tippecanoe Emergency Services ("Tippecanoe") after suffering a severe panic attack.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12.   The ambulance services resulted in a medical debt of $1,276.00 ("subject consumer debt") owed to Tippecanoe.  *See* attached Exhibit B is a true and correct copy of a photo taken by Plaintiff of a bill from Tippecanoe.

13.   Due to her lack of income, Plaintiff was not able to pay Tippecanoe for the subject consumer debt.  *See* Exhibit A.

14.   Upon information and belief, Tippecanoe turned the collection of the subject consumer debt over to Defendant following Plaintiff's default.

15.   During 2016, Defendant began contacting Plaintiff seeking payment of the subject consumer debt.  *Id.*

16.   On July 19, 2016, Plaintiff received a call to her cellular phone from (866) 585-1564, which is a number utilized by Defendant.  *See* Exhibit C is a true and correct copy of screenshots from Plaintiff's cellular phone.

17.   During the above call, Defendant identified itself as a debt collector.  Suffering from anxiety, Plaintiff disconnected the call.  *See* Exhibit A.

18.   Later the same day, Plaintiff received numerous back to back calls from blocked phone numbers.  *See* Exhibit C.

19.   Upon answering the blocked calls, Plaintiff discovered that they were coming from Defendant.  *See* Exhibit A.

20. During at least one of the calls, Plaintiff informed Defendant that she was represented by an attorney. *Id.*

21. On or about July 28, 2016, Plaintiff received two phone calls from the Defendant within the hour. *See* Exhibit D.

22. Overwhelmed by Defendant's conduct, Plaintiff spoke with CLP regarding her rights.

23. Plaintiff has incurred costs and expenses consulting with CLP as a result of Defendant's collection actions.

24. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

25. Plaintiff has endured harassment resulting in increased mental duress as a result of Defendant's collection actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C §§1692d and d(5).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C §1692f.

29. Defendant violated 15 U.S.C. §§1692d, d(5), and f during its collection communications towards Plaintiff. On July 19, 2016, Defendant called Plaintiff from an unblocked number at

4

approximately 12:16 pm seeking payment on the subject consumer debt.  Anxious, Plaintiff disconnected this call.  Not gaining payment on the subject consumer debt, Defendant systematically called Plaintiff back several times from a blocked number attempting to collect on the subject consumer debt.

30.  By hanging up on Defendant during the first phone call on July 19, 2016, Plaintiff indicated her desire not to speak with it.  Despite this action by Plaintiff, Defendant caused multiple phone calls to be made to her cellular phone, three of which were consecutive.  Defendant intended by repeatedly causing Plaintiff's phone to ring, she would acquiesce to its harassment and make payment on the subject consumer debt in order to silence the communications.  As a sophisticated debt collector, Defendant is aware that multiple communications to consumers often result in payment out of annoyance.

31.  Plaintiff suffers from a plethora of debilitating medical conditions, most notably anxiety.  Defendant's actions caused emotional distress to Plaintiff and served to worsen her condition.  Due to Defendant's systematic contacts, she was compelled to seek out the assistance of CLP.

32.  The FDCPA states:

> "Without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt: "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with consumer." 15 U.S.C. §§1692c and c(a)(2).

33.  Defendant violated 15 U. S.C. §1692(c)(a)(2) by continuing to contact the Plaintiff after being informed that she was represented by an attorney.  One at least one of the July 19, 2016 communications, Plaintiff conveyed to Defendant that she had an attorney.  Despite receiving

this information, Defendant continued to contact Plaintiff.   Defendant knows it is required to cease direct communication with consumers that is knows to be represented by counsel.  With the hope of recovering payment on the subject consumer debt, Defendant circumvented the involvement of CLP and continued to seek payment directly from Plaintiff.

34.   As plead in paragraphs 23 through 26, Plaintiff has suffered harassment and incurred damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, TAMEKA DESHELL MAXSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 31, 2016                              Respectfully Submitted,

s/ David S. Klain
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
davidklain@aol.com